UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| WILLIAM HODGES, | ) | |
| | ) | Case Nos. 4:11-cr-25; 4:20-cv-17 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner William Hodges's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 358 in Case No. 4:11-cr-25; Doc. 1 in Case No. 4:20-cr-17.) For the following reasons, Petitioner's § 2255 motion will be **DENIED**.

I. **BACKGROUND**

On April 12, 2012, Petitioner entered a plea agreement with the Government, in which he agreed to plead guilty to one count of conspiring to manufacture and distribute fifty grams or more of methamphetamine (actual) and five hundred grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 183 in Case No. 4:11-cr-25.) Because the Government filed a timely notice of its intent to enhance Petitioner's sentence pursuant to 21 U.S.C. § 851 (Doc. 175 in Case No. 4:11-cr-25), Petitioner's plea agreement stated that the punishment for this offense includes "imprisonment for a term of not less than 20 years and up to life." (Doc. 183 in Case No. 4:11-cr-25.) On August 1, 2012, after accepting Petitioner's guilty plea, the Court sentenced him to 240 months'

imprisonment and ten years' supervised release.  (Doc. 225 in Case No. 4:11-cr-25.)  Petitioner did not appeal his conviction or sentence.

On May 4, 2020, Petitioner filed his § 2255.  (Doc. 358 in Case No. 4:11-cr-25; Doc. 1 in Case No. 4:20-cr-17.)  In his motion, Petitioner argues that his sentence was improperly enhanced under 21 U.S.C. § 851, because he did not serve over one year and one day in custody on his underlying predicate felony drug offense.  (Doc. 1, at 4 in Case No. 4:20-cr-17.)  Petitioner also asserts that he is entitled to relief because, since the date he entered his guilty plea, "several cases" involving predicate offenses under § 851 "have been overturned by the Supreme Court" and "these rulings would have lead [sic] to a far different outcome."  (*Id*. at 5.)  Finally, Petitioner contends that he received ineffective assistance of counsel because his attorney failed to advise him that he "did not have to agree to the [§] 851 enhancement as part of [his] plea agreement."  (*Id*. at 7.)  Petitioner asserts that, had he been properly advised, he would have chosen to proceed to trial "to argue against [his] career enhancement."  (*Id*.)  Petitioner's § 2255 motion is now ripe for the Court's review.

II. **STANDARD OF LAW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid."  *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.  ANALYSIS

### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of:  (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. Although Petitioner asserts that his motion is based, at least in part, on Supreme Court rulings made after his guilty plea, he has not identified any specific cases that support his motion or indicated when they were decided.[1]  Accordingly, Petitioner's motion is not timely and is barred by the one-year statute of limitations applicable to petitions for collateral relief under § 2255.[2]

---

[1] Petitioner does not assert that his motion is timely under § 2255(f)(1), (2), or (4).  The Court notes, however, that Petitioner's judgment became final in 2012, and Petitioner did not file the instant motion until May 4, 2020—almost eight years later.  Additionally, Petitioner does not provide any facts suggesting that he filed his motion within one year of the removal of an impediment created by Government action in violation of the Constitution or laws of the United States or that he made his motion within one year of discovering new facts that support his motion.

[2] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations.  While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).  To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

3
Case 4:20-cv-00017-TRM-CHS   Document 7   Filed 08/11/20   Page 3 of 6   PageID #: 34

## B. Procedural Default

Additionally, Petitioner's motion fails because his arguments, except for his ineffective-assistance-of-counsel argument, are procedurally defaulted.  Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentences.  Accordingly, to obtain review of his sentence in connection with a motion made pursuant to § 2255, Petitioner must demonstrate good cause for not raising his § 851 arguments on direct appeal and that actual prejudice will result if these arguments are not reviewed.  *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).  Petitioner has made no such showing and, thus, his challenges to the Court's sentence are procedurally defaulted.  *See id.* at 885–86.

## C. Merits of the Petition

Even if Petitioner's motion were timely, and even if his claims were not procedurally defaulted, the Court would still deny Petitioner's motion.  Petitioner first argues that his sentence was improperly enhanced under 21 U.S.C. § 851, because he did not serve at least one year and one day in custody for his prior drug conviction.  (Doc. 1, at 4 in Case No. 4:20-cr-17.)  But "felony drug offense" is defined by statute as an offense "that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (emphasis added).  In this case, Petitioner's sentence was enhanced under 21 U.S.C. § 851 based on a prior Tennessee state-court conviction for attempt to manufacture methamphetamine.  (*See* Presentence Investigation Report,

---

filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

4
Case 4:20-cv-00017-TRM-CHS   Document 7   Filed 08/11/20   Page 4 of 6   PageID #: 35

at 7–8; *see also* Doc. 175 in Case No. 4:11-cr-25.) Petitioner received a two-year sentence, which was suspended to one year and eleven months of community corrections after serving sixty days in custody. (*See* Presentence Investigation Report, at 7–8.) Petitioner does not dispute that he was convicted for this offense or that he was sentenced to two years' imprisonment, suspended. As a result, his sentence was properly enhanced under 21 U.S.C. § 851 based on a prior felony drug offense that was punishable by imprisonment for more than one year.

To the extent Petitioner claims that he received ineffective assistance of counsel, that argument also fails. To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

5

In this case, Petitioner has failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness or that he was prejudiced as a result. As discussed above, Petitioner has not demonstrated that his sentence was improperly enhanced under 21 U.S.C. § 851. Because Petitioner has not identified any legitimate basis upon which he could have contested the enhancement, he has not demonstrated that his counsel's conduct fell below an objective standard of reasonableness in advising him to plead guilty or that he was prejudiced by his counsel's representation. Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Petitioner § 2255 motion (Doc. 358 in Case No. 4:11-cr-25; Doc. 1 in Case No. 4:20-cr-17) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**SO ORDERED.**

> /s/ *Travis R. McDonough*
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**